UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RICHIE JONES,
      Plaintiff,

vs.                             Case No.: 3:20cv5532/MCR/EMT

ANDREW SAUL,
Commissioner of Social Security,
      Defendant.
_____/

## **REPORT AND RECOMMENDATION**

This matter is before the court on Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act (EAJA) (ECF No. 24) and Defendant's response thereto (ECF No. 25).   Plaintiff seeks $2,733.13 in attorney fees incurred in connection with this case pursuant to the EAJA (ECF No. 24).   Defendant has no objection to an award of fees or the amount requested (ECF No. 25).   For the reasons set forth below, the undersigned recommends that the motion be granted.

Eligibility for Award of Fees, Expenses, and Costs

Subsection (d) of Title 28 U.S.C. § 2412 allows for the award of attorney fees and other expenses, in addition to any costs awarded under subsection (a), provided: 1) the party seeking such fees is the "prevailing party" in a civil action brought by

or against the United States, and that party's net worth is less than two million dollars; 2) an application for such fees, including an itemized justification for the amount requested, is timely filed within thirty days of final judgment in the action; 3) the position of the government was not substantially justified; and 4) no special circumstances make an award unjust.    The absence of any one of the above factors precludes an award of fees.    28 U.S.C. § 2412(d)(l)(A), (B).

Additionally, "[f]ees of the clerk" may be "tax[ed] as costs."    28 U.S.C. § 1920(1).    Section 2412 directs that the "costs pursuant to subsection (a)" are paid by the Secretary of the United States Treasury.    28 U.S.C. § 2412(c)(1) (indicating that these costs are "paid as provided in section[] 2414"); *id*. at § 2414 (stating that payment of final judgments must "be made on settlements by the Secretary of the Treasury").

In this instance, Plaintiff plainly is the prevailing party, as he obtained a reversal of the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g) and remand to the Commissioner for further administrative proceedings (*see* ECF Nos. 21–23).    *See Shalala v. Schaefer*, 509 U.S. 292 (1993) (holding that social security plaintiff who obtained remand, as did Plaintiff in this case, was the prevailing party and thus entitled to attorney's fees and expenses under the EAJA). Moreover, the record establishes (ECF Nos. 2, 5), and the Commissioner has not

disputed, that Plaintiff's net worth did not exceed two million dollars at the time he initiated this action.    Additionally, the instant motion is timely.[1]    Finally, the court concludes that no special circumstances make an award unjust, especially considering the Commissioner has asserted no argument to the contrary. Accordingly, an award of fees is appropriate (Plaintiff does not seek costs).

- Amount of Fees

With regard to the reasonableness of the fees sought, 28 U.S.C. § 2412(d)(2)(A) provides as follows:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

Here, Plaintiff seeks an EAJA award based on hourly rates of $203.94 and $206.75 for work performed on his behalf in 2020 and 2021, respectively (*see* ECF

---

[1] The court entered its order reversing and remanding this cause on April 30, 2021, and the clerk entered judgment the same day (ECF Nos. 22–23).   As the Commissioner has sixty days within which to file an appeal of the court's decision, a judgment typically becomes final after sixty days, and a prevailing plaintiff then has another thirty days within which to file an application for fees. *See* Fed. R. App. P. 4(a)(1)(B) (notice of appeal may be filed within sixty days after entry of the judgment when the United States is a party in the case); *see also Shalala v. Schaefer*, 509 U.S. at 297–98 (discussing timeliness of EAJA application); *Myers v. Sullivan*, 916 F.2d 659, 667–72 (11th Cir. 1990) (same).   The instant motion for EAJA fees, filed on June 30, 2021, was filed within ninety days of the court's judgment and hence was timely filed.

No. 24 at 2–3).    The undersigned finds the requested rates reasonable.    *See, e.g.*, *Brungardt v. Comm'r of Soc. Sec.*, 234 F. App'x 889, 891 (11th Cir. 2007) (unpublished) (finding proper an EAJA award based on an hourly rate of $147 for work performed in 2005 and 2006 and noting "that 'a court is itself an expert on the question [of a reasonable hourly rate] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value'") (citing *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988)).

Last, the undersigned finds the total hours expended on Plaintiff's behalf, 13.25 (*see* ECF No. 24-2 at 2), to be reasonable.    Accordingly, a fee award in the total amount requested, $2,733.13, is appropriate.[2]

- Whether the Award is Payable to Plaintiff or His Attorney

The remaining question concerns to whom the EAJA award is payable.    In *Astrue v. Ratliff*, 560 U.S. 586 (2010), the Supreme Court resolved a split among certain Circuit Courts of Appeal and held that an award of "fees and other expenses" to a "prevailing party" under § 2412(d) is payable to the litigant, not to the litigant's attorney.    *See also Reeves v. Astrue*, 526 F.3d 732 (11th Cir. 2008) (same).    The

---

[2] Plaintiff's attorney expended 2.25 hours in 2020 ($203.94 x 2.25 = $458.87) and 11 hours in 2021 ($206.75 x 11 = $2,274.26) (*see* ECF No. 24 at 2; ECF No. 24-2 at 2).

Court further held that because the EAJA award was "payable to the prevailing litigant," the government could offset a claimant's qualifying debt (to the United States) against that award.  *Ratliff*, 560 U.S. at 596.[3]  The award in this case, therefore, is properly payable to Plaintiff as the "prevailing litigant," assuming an award remains after any qualifying debts have been satisfied.  The court will recommend, however, that any award be mailed to Plaintiff's counsel's office so that Plaintiff and Plaintiff's counsel may mutually implement their fee agreement without this court's involvement.

Accordingly, it is respectfully **RECOMMENDED** that:

Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act (ECF No. 24) be **GRANTED** as follows:

1.    That Plaintiff be awarded fees in the amount of $2,733.13 for time expended by his counsel in representing him before the United States District Court for the Northern District of Florida pursuant to 28 U.S.C. § 2412 (EAJA).   The fee award is subject to an offset to satisfy any qualifying outstanding debt Plaintiff may owe to the United States.

---

[3] In *Ratliff*, the Court was not required to address whether its decision would have been different if the claimant had assigned her right to the EAJA award directly to her attorney, as Plaintiff appears to have done in the instant case (*see* ECF Nos. 24-3, 25).

2.    That if Plaintiff receives all or any portion of the EAJA fee award, it be mailed to him in care of his attorney, Walter A. Blakeney, Post Office Box 311167, Enterprise, AL 36331-1167.

At Pensacola, Florida, this 7<u>th</u> day of July 2021.


/s/ *Elizabeth M Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**